IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMARRIA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. CIV-23-163-JD |
| v. | ) | |
| | ) | |
| (1) UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff files this action against Defendant and by way of complaint against Defendant alleges the following:

**Nature of Action**

1.1 This jury action seeks redress for Defendant's violations of the laws of the United States in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. 1101, *et. seq.*. As redress for Defendant's violation of the Title VII and OADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, compensatory damages, punitive and/or liquidated damages, and attorney's fees and costs in an amount which will be established at the trial of this cause.

## Jurisdiction and Venue

2.1     This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 2201.

2.2     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because Defendant resides within the judicial district of this Court within the meaning of 28 U.S.C. § 1391(b)(1) & (c).

2.3     This Court has jurisdiction of Plaintiff's claim brought under Oklahoma common law since all of Plaintiff's claims arise from a common nucleus of operative facts and are so intertwined as to make the Court's exercise of pendent jurisdiction over such claims reasonable and appropriate.

2.4     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on or about October 23, 2022.  The EEOC issued a notice of right to sue on or about January 25, 2023.  This suit is instituted within the 90-day period contained within the notice.

## Parties

3.1     Plaintiff is a female citizen of the United States and resident of Tulsa County, Oklahoma.

3.2     Defendant is a foreign corporation registered to do business in Oklahoma. Service of process may be made upon this Defendant through its registered agent: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK  73159 - 7653.

3.3     At all times material to this action, Greg Smith, Alfred Benjamin and Eric [last name unknown] were supervisors of Plaintiff.  During the conduct hereinafter alleged, each were acting within the scope of their actual and apparent authority as official and managing agents of Defendant.  They were otherwise aided in accomplishing the conduct hereinafter alleged by the existence of their actual or apparent employment and agency relationship with Defendant.  All of the actions hereinafter alleged were known to, authorized and ratified by Defendant.

## BACKGROUND

4.1     On or about October 15, 2021 Plaintiff, female, began working for Defendant as a package handler at a facility located in Tulsa, Oklahoma.

4.2     Plaintiff would retrieve packages and place them in a bin.

4.3     Plaintiff worked full-time and overtime on a regular basis.

4.4     Plaintiff's immediate supervisors were Greg Smith and Alfred Benjamin.

**Sexual Harassment**

4.5     After approximately one month into her employment, Plaintiff was subjected to sexual harassment from David Colbert, a male worker in the same facility.

4.6     The sexual harassment was unwanted, frequent, almost daily, and escalated from flattery comments about her physical appearance, staring to touching.

**Reportings**

4.7     On or about December 2, 2021, Plaintiff reported the sexual harassment to Greg Smith, supervisor. Despite her report, the sexual harassment from Mr. Colbert continued. On or about the day after her reporting, Mr. Colbert asked her "when are you going to let see me those ti**ies".

4.8     On or about December 13, 2021, Plaintiff reported sexual harassment from Mr. Colbert to Alfred Benjamin, next level supervisor.

4.9     A few days later, Plaintiff was reassigned and moved to a different location within the warehouse.

4.10    At her new assignment, her supervisor, Eric [last name unknown], male, made comments of a sexual nature to her and sought dates with her. His comments included "I am going to bend you over", "give me your number", "when give me a piece".

4.11    A day or so later, Plaintiff was moved back to her former/original location in the warehouse based upon need and the sexual harassment from Mr. Colbert continued.

4.12    On or about December 22, 2021 Plaintiff notified Supervisor Smith that she would be absent that day, was uncomfortable, that she is being harassed, was touched again and wants him to keep his hands off of her.

4.13 Plaintiff never received any communication with her managers or Human Resources regarding any investigation of her complaints of sexual harassment

**Termination**

4.14 On or about January 20, 2022, Defendant terminated her employment.

4.15 At her termination, Plaintiff was not under any disciplinary or performance improvement plan.

4.16 Plaintiff had never been formally disciplined and always met expectations.

4.17 In late December 2022, Supervisor Smith told her by text that he was glad she was staying and that he was "pleased with her work".

4.18 Based upon information and belief, Plaintiff was replaced by a male and male employees at the facility were not subjected to a sexually harassing work environment.

**Count I: Title VII and OADA**

**(Sex Discrimination in Termination and Hostile Work Environment)**

5.1 Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.18 of this Original Complaint.

5.2 Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f), continuously throughout her employment.

5.3 Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex by maintaining a hostile and abusive work environment in

which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated. Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial action.

5.4 Plaintiff's sex was a motivating factor in Defendant's decision to discharge her. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in her discharge. By engaging in such conduct, Defendant violated, and continues to violate Section 703(a)(1) of Title VII and the OADA, which makes it an unlawful employment practice for an employer to discharge any person because of sex.

5.5 Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.6 As a direct and proximate result of the violations of Title VII alleged under this Count, Plaintiff has been damaged by the loss of her employment at Defendant and the loss of compensation, including salary, bonuses and employee benefits, and promotions she would have received as an employee at Defendant had she not been discharged in violation of Title VII and OADA.

5.7 As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

5.8     As a direct and proximate cause of the violations of Title VII and OADAbas alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT II:  Title VII and OADA
### (Retaliation in Termination of Employment)

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.8 of this Original Complaint.

6.2     Plaintiff was subjected to sexually offensive conduct from male worker and supervisor and discriminated against due to her sex in her employment. Plaintiff opposed and complained of the discriminatory conduct within management while employed with Defendant.  Plaintiff held the good faith belief that she was opposing sexually motivated discrimination.  By Plaintiff holding the good faith belief that she was opposing sexually motivated discrimination and complaining of such conduct within management, Plaintiff was opposing and reporting discrimination made unlawful by Title VII and OADA. Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

6.3     Plaintiff's opposition to and reporting of sex discrimination was a motivating factor in the discharge of her employment.  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and reporting of sex discrimination in her termination of employment.

6.4     By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because she has opposed or complained reported of any practice made an unlawful employment practice by Title VII and OADA.

6.5     Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had she not been discharged in violation of Title VII and OADA.

6.7     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

**Prayer for Relief**

Plaintiff prays for and demands the following relief:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated Title VII and OADA;

2. An injunction prohibiting any further violation by Defendant of Title VII and OADA;

3. A judgment against Defendant awarding Plaintiff an amount equal to the backpay, including salary, bonuses, retirement and pension benefits, and other employee benefits, she would have received from her termination through the date of judgment, had she not been terminated by Defendant;

4. An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses, retirement and pension benefits, and other employee benefits, she would have enjoyed had she not been terminated by Defendant, or, in the alternative, a judgment against Defendant awarding Plaintiff an amount equal to the frontpay, including salary, bonuses, retirement and pension benefits, and other employee benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendant, had she not been terminated by Defendant;

5. A judgment against Defendant awarding Plaintiff compensatory and/or liquidated damages in an amount to be established at trial;

6. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its unlawful conduct;

7. A judgment awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee;

8. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-613

ATTORNEYS FOR PLAINTIFF

# DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all her claims.

s/Jeff Taylor
Jeff A. Taylor